IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

MATTHEW MOORE,

    Plaintiff,

v.                                                                               CIVIL ACTION NO.: 4:12cv138

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

### *MEMORANDUM OPINION AND ORDER*

This matter is currently before the Court on Plaintiff Matthew Moore's objection to the Magistrate Judge's Report and Recommendation. For the reasons set forth below, the Magistrate Judge's Report and Recommendation is **ADOPTED**, Defendant's motion for summary judgment is **GRANTED**, Plaintiff's motion for summary judgment is **DENIED**, and the decision of Defendant, the Commissioner of the Social Security Administration, to deny Social Security Act disability insurance benefits ("DIB") and supplemental security income ("SSI") is **AFFIRMED**.

### I. FACTUAL AND PROCEDURAL HISTORY

After Defendant's initial denial of Plaintiff's claim for Social Security disability benefits, Plaintiff requested an administrative hearing. The Administrative Law Judge ("ALJ") denied his claim on July 29, 2010. Administrative Record (hereinafter "R.") 13-25. The Appeals Council for the Office of Disability Adjudication and Review denied Plaintiff's request to review the decision on June 20, 2012. R. 1-5. Plaintiff then brought this action under 42 U.S.C. § 405(g)

1

seeking judicial review of the decision. By order filed May 17, 2013, this action was referred to United States Magistrate Judge Lawrence R. Leonard to conduct hearings and submit proposed findings of fact and, if applicable, recommendations for the disposition of this matter. 28 U.S.C. § 636(b). On July 18, 2013, and August 16, 2013, respectively, Plaintiff and Defendant filed cross-motions for summary judgment. On November 4, 2013, the Magistrate Judge filed his Report and Recommendation ("R&R"), in which he recommended that the decision of the Commissioner be affirmed because it was supported by substantial evidence. On November 18, 2013, Plaintiff filed his objection to the R&R. On December 2, 2013, Defendant filed its Response. The matter is now ripe for judicial decision.

## II. STANDARD OF REVIEW

Under Rule 72(b)(3) of the Federal Rules of Civil Procedure, a district judge is required to "determine de novo any part of the magistrate judge's disposition that has been properly objected to." The "de novo" requirement means that a district court judge must give "fresh consideration" to the objected-to portions of the Magistrate Judge's report and recommendation. *United States v. Raddatz*, 447 U.S. 667, 675 (1980). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or recommit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

A district court reviewing an administrative decision under the Social Security Act must determine whether the factual findings are supported by substantial evidence and were reached through application of the correct legal standard. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and "consists of more than a mere scintilla of evidence but

may be somewhat less than a preponderance." *Id.* (internal quotation and citations omitted). In reviewing for substantial evidence, the Court does not re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Id.* The Commissioner's findings as to any fact, if supported by substantial evidence, are conclusive and must be affirmed. *Richardson v. Perales*, 402 U.S. 389, 390 (1971) (citing 42 U.S.C. § 405(g)).

### III. DISCUSSION

Plaintiff has raised one objection to the R&R. He contends that the ALJ improperly neglected to fully account for his "non-exertional" impairments of fatigue, pain, and weakness. "Exertional" limitations are those that "affect only [a claimant's] ability to meet the strength demands of jobs." 20 C.F.R. § 404.1569a(a). "Nonexertional" or "functional" limitations are those "which affect only [a claimant's] ability to meet the demands of jobs other than the strength demands," such as concentration, vision, or memory. *Id.* Plaintiff's objection to the ALJ's weighing of any nonexertional limitations is primarily relevant for the fifth step of the sequential analysis that the Commissioner follows in making a disability determination. 20 C.F.R. § 404.1520. At that step, the Commissioner asks whether a claimant can make an adjustment to work other than past relevant work in light of his or her "residual functional capacity" ("RFC"). *Id.* § 404.1520(a)(4)(v). If the answer is yes, then a claimant is not considered disabled.

In Plaintiff's case, the ALJ concluded after reviewing the medical evidence in the record that Plaintiff had the "residual functional capacity to perform the full range of sedentary work" described in 20 C.F.R. §§ 404.1567(a), 416.967(a), as being able to lift up to 10 pounds at a time and engaging in occasional walking and standing. R. 19. This conclusion meant that Plaintiff

could not perform his past relevant work as an automobile mechanic, so the ALJ then considered other potential jobs at the fifth step in the evaluation of Plaintiff's claim. In doing so, the ALJ explicitly referred to the Medical-Vocational Guidelines, 20 CFR Part 404, Subpart P, Appendix 2, otherwise known as "the Grids." R. 24-25. Plaintiff contends that it was improper to rely on the Grids.

The conclusion that Plaintiff could perform the "full range" of sedentary work effectively means that the ALJ found that Plaintiff's RFC "was not reduced by any nonexertional factors." *Aistrop v. Barnhart*, 36 F. App'x 145, 147 (4th Cir. 2002) ("A non-exertional limitation is one that places limitations on functioning or restricts an individual from performing a full range of work in a particular category."). In other words, the ALJ did not necessarily conclude that Plaintiff suffered from no non-exertional symptoms, but concluded that those symptoms were not sufficiently severe to impact his ability to perform the full range of sedentary work. The final opinion stated:

> The medical evidence of record reflects that the claimant has medical signs and objective findings establishing diagnoses of dysautonomia and bradycardia-tachycardia syndrome. These impairments and their symptoms limit the claimant's ability to perform the strength demands of basic work activities, including, but not limited to, lifting, carrying, standing, and walking. Therefore, I find that these impairments are severe.
> I find that all other impairments alleged and found in the record are nonsevere because they did not exist for a continuous period of twelve months, were responsive to medication, did not require any significant medical treatment, or did not result in any continuous exertional or nonexertional functional limitations . . . .

R. 18-19. Exclusive reliance on the Grids is appropriate where the claimant has only exertional limitations. 20 C.F.R. § 404.1569a(b). By contrast, the Grids are just a framework to be consulted when a claimant suffers from a combination of exertional and nonexertional limitations, meaning that "the limitations and restrictions imposed by [a claimant's]

impairment(s) and related symptoms, such as pain, affect [a claimant's] ability to meet both the strength and demands of jobs other than the strength demands." *Id.* § 404.1569a(d).

In disputing the ALJ's conclusion, Plaintiff argues that he presented ample evidence that his impairments of dysautonomia and bradycardia-tachardia syndrome cause significant non-exertional limitations. Namely, he says those impairments have caused him recurrent pain, fatigue, weakness, palpitations, and headaches. But much of the evidence he cites is based on his own statements and complaints he made to treating physicians, which the ALJ considered only partially credible, R. 23, and the evaluation of a treating physician, Dr. Lee, who concluded that Plaintiff would not be able to function in a workplace. Reasoning that this assessment contradicted Dr. Lee's own notes, however, the ALJ gave this opinion only slight weight. *Id.* The ALJ's ultimate conclusion that Plaintiff was limited to the full range of sedentary work was a more restrictive finding (*i.e.*, more favorable to Plaintiff) than that recommended by non-examining agency medical consultants. R. 24. It was also supported in part by Plaintiff's own statements at the hearing about his capabilities on his better days, R. 20, by the evaluations of other treating physicians, and by the reports of Plaintiff's visits to the emergency room which ended in his discharge home in a stable condition after normal test results. Although Dr. Lee and another cardiologist, Dr. Banerjee, assessed Platiniff with dizziness, such assessments are not necessarily inconsistent with the ability to perform sedentary work.

In sum, while there may be conflicting evidence in the record as to whether Plaintiff suffered from non-exertional limitations severe enough to affect the demands of sedentary work other than strength-related ones, there is ample evidence to support the conclusion the ALJ reached after evaluating all of the evidence. The ALJ's decision in this case to reject the conclusions of some witnesses and examiners and to accord weight to others is not enough to

support a finding that its conclusion was not supported by substantial evidence. "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (quotation omitted).

## IV. CONCLUSION

This Court has independently reviewed the record in this case and the objections to the Report. Having done so, the Court finds that there is no meritorious reason to sustain Plaintiff's objections. After careful review of the Magistrate Judge's Report and Recommendation, the Court does hereby **ACCEPT** and **ADOPT** the findings and recommendations set forth in the report of the United States Magistrate Judge filed on November 4, 2013. The Final Decision of the Commissioner is **AFFIRMED**. Judgment is hereby entered in favor of the Commissioner.

The Court **DIRECTS** the Clerk to send a copy of this Order to the parties.

**IT IS SO ORDERED.**

Norfolk, Virginia
March 13, 2014

Raymond A. Jackson
United States District Judge